UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA NORMAN BOOTH,

    Plaintiff,

v.    Case No.:

GTE FEDERAL CREDIT UNION,
d/b/a GTE FINANCIAL

    Defendant.
_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Brenda Norman Booth (hereinafter "Plaintiff" or "Booth") and files her complaint against Defendant, GTE Federal Credit Union d/b/a GTE Financial (hereinafter "Defendant" or "GTE") and in support she states the following:

**NATURE OF THE ACTION**

1.    This is an action for monetary damages pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq*. ("ADEA"), Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), and the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") to redress Defendant's discrimination against Plaintiff due to her age and perceived disability, and in retaliation for Plaintiff's lawful exercise of her

1

rights under the FMLA, leading to her unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA, the ADA, and the FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Booth, is a citizen of the United States and at all times material was a citizen of the State of Florida, residing in Pasco County, Florida.

5. Defendant, GTE Federal Credit Union d/b/a GTE Financial, is a domestic for-profit corporation with its principal place of business in Tampa, Florida.

6. Defendant does business and Plaintiff worked for Defendant in this District.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this

action.

9. On or about October 19, 2020, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on age, disability, and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred days after the unlawful employment practices occurred.

11. On March 24, 2021, the EEOC issued Plaintiff a Notice of Right to Sue upon request.

12. This complaint was filed within ninety (90) days of the EEOC's issuance of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. At all times material to this complaint Plaintiff was over the age of forty (40).

14. Plaintiff was employed by Defendant and worked in a full-time position as a Member Relationship Officer II at the time of her termination.

15. Plaintiff was employed by Defendant for approximately twenty years.

16. Defendant discriminated against Plaintiff due to her age.

17. Plaintiff was 53 years old at the time of her termination.

18. Defendant perceived Plaintiff to be disabled.

19. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

20. At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodations.

21. On or about June 16, 2020, Plaintiff reported to work and after arriving, Plaintiff informed her manager that she felt tired.

22. Defendant perceived Plaintiff to be ill and suspected she had contracted the COVID-19 virus. Defendant ordered Plaintiff to leave work immediately and not return until she could provide a negative COVID-19 test.

23. As a result, Plaintiff applied and was approved to utilize FMLA leave while she was forced to quarantine.

24. Upon her return to work on or about July 6, 2020, Defendant issued Plaintiff an unwarranted write-up.

25. Shortly thereafter Defendant terminated Plaintiff's employment under the pretext of an alleged violation of policy that occurred outside of Plaintiff's work hours.

26. On or about Saturday, August 15, 2020, Plaintiff and her husband went to the International Beer Garten in Lutz, Florida for dinner and drinks.

27. The owner of the International Beer Garten is one of Defendant's

customers.

28. At the end of their evening, Plaintiff and her husband requested an itemized bill due to a discrepancy in the amount they were being charged. The owner became irate when Plaintiff requested the itemized receipt.

29. Following this incident, the owner of International Beer Garten filed a customer complaint with Defendant.

30. Plaintiff provided a statement to Defendant regarding the incident; however, a proper investigation was not completed.

31. Rather, Defendant erroneously regarded Plaintiff s having a problem with alcohol use simply because she indicated in her statement about the incident that she was drinking alcohol outside of work, over the weekend, during her free time.

32. Defendant did not follow its progressive discipline process in the events leading to Plaintiff's termination.

33. Similarly situated employees, under the age of 40 that have not utilized FMLA leave, have engaged in conduct that is worse than what is being alleged of Plaintiff, without being terminated.

34. Plaintiff has been damaged by Defendant's illegal conduct.

35. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

### Count I: Age Based Discrimination in Violation of the ADEA

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-17, 20, 25 - 34, 35 above.

37. Defendant engaged in intentional age discrimination in Plaintiff's terms, conditions, or privileges of employment.

38. Defendant's conduct violated the ADEA.

39. Defendant's discriminatory conduct, in violation of ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

40. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

41. Defendant willfully engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count II: Retaliation in Violation of the ADEA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-1, 20, 25 – 35 above.

43. Plaintiff engaged in protected activity under the ADEA while employed by Defendant.

44. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

45. Defendant's conduct violated the ADEA.

46. Defendant's discriminatory conduct, in violation of the ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

47. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

48. Defendant engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count III: Disability Discrimination in Violation of the ADA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-12, 14, 18, 19, 20, 21, 22, 24, 25 - 35 above.

50. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

51. Plaintiff has been regarded as and/or is perceived as being disabled by Defendant.

52. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

53. Defendant violated the ADA by unlawfully terminating and

discriminating against Plaintiff based on her disability.

54. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

55. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

56. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV: Retaliation in Violation of the ADA

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-2, 14, 18, 19, 20, 21, 22, 24, 25 - 35 above.

58. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

59. Defendant's conduct violates the ADA.

60. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

61. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

62. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count V: Interference in Violation of the FMLA

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-12, 14, 15, 18, 19, 21, 22, 23, 24, 25 – 35 above.

64. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

65. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

66. Plaintiff exercised, or attempted to exercise, her rights under the

FMLA.

67. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

68. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

69. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

70. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

71. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

### Count VI: Retaliation in Violation of the FMLA

72. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-12, 14, 15, 18, 19, 21, 23, 24, 25 - 35 above.

73. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

74. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at

Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

75. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

76. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

77. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

78. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No. 99040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*